Coon *v*. Vaughn.

## COON *v*. VAUGHN.

MALPRACTICE.—*Complaint against Physician.—Tort.—Contract.—Contributory Negligence.*—In an action against a physician, for malpractice, the complaint alleged that the defendant had undertaken, on promise of compensation, to perform certain duties in the line of his profession, for the plaintiff, in treating him for a wound ; but that the defendant had both neglected to perform such duties professionally and had performed them in an improper manner, resulting in a permanent physical injury to the plaintiff.

*Held*, on demurrer for insufficiency, that the action. though sounding in tort, is founded upon a contract, and that the complaint need not aver a want of negligence on the part of the plaintiff.

From the Kosciusko Circuit Court.

*A. G. Wood,* — *Piper, L. H. Haymond,* — *Royse, J. S. Frazer* and *W. D. Frazer,* for appellant.

*W. S. Marshall* and *J. H. Carpenter,* for appellee.

BIDDLE, J.—The following is the complaint of the appellee against the appellant :

" James M. Vaughn complains of Moses J. Coon, and says, that, on the —— day of February, 1873, from a fall down and off a pair of stairs, he broke his right leg above the knee, and also greatly bruised and injured his leg and body ; and the defendant, then being a practising physician and surgeon, as such, in consideration of a reasonable re-ward to be thereafter paid to him by the plaintiff, the said defendant then and there being in the practice of medi-cine and surgery, undertook and promised the plaintiff faithfully, skilfully and diligently to treat and set said broken limb, and to endeavor to cure and heal the same, and also to cure and heal the bruises on the plaintiff's body. But plaintiff avers, that, on the contrary thereof, the said defendant conducted himself in and about his endeavoring to set said limb, and in and about curing and healing said limb and body, so unskilfully, negligently, and unprofessionally, that, by reason of the improper treatment and unskilful and negligent conduct of the defendant, said broken limb was not set, nor said limb and body healed and cured, but said limb was permitted to remain unset and out of place for the space of eight weeks, until it became impossible to properly set the same ; whereby the plaintiff, during all said time aforesaid, was compelled to and did suffer great bodily pain, and has wholly lost the use of said limb. Wherefore he demands judgment," etc.

The second paragraph of the complaint is not essentially different from the first.

A demurrer to each paragraph of the complaint, for the alleged want of sufficient facts, was overruled, and excep-tions to the ruling reserved.

Answer ; issue ; trial ; verdict for appellee ; judgment; appeal.

The questions presented to this court arise upon the rul-ings on the demurrers to the complaint, upon giving cer-tain instructions, and the sufficiency of the evidence to sup-port the verdict.

The objection to the complaint is, that it contains no averment that the wrong complained of was done by the appellant without the fault or negligence of the appellee. In the cases of *Peck* v. *Martin*, 17 Ind. 115, and *Scudder* v. *Crossan*, 43 Ind. 343, a complaint similar to the one before us was held good, without containing any direct averment that the plaintiff was without fault. Such an averment is necessary only in cases where the question is one solely of negligence, without any direct, positive, affirmative fault on the part of defendant.

In the case of *Roll* v. *The City of Indianapolis*, 52 Ind. 547, wherein the city was charged with the wrongful establishment of an insufficient sewer and certain catch-basins, and improperly turning certain drainage into them, whereby the plaintiff was injured in his property, it was held that no such averment was necessary, the court, in the course of the opinion, remarking, that :—

" In cases of trespass, and where the wrong complained of is committed by some positive, affirmative act, the negation of fault or negligence on the part of the plaintiff is not necessary."

In the case before us, the complaint avers, that defendant, being a physician and surgeon, undertook, for a reward or hire, to perform certain duties in the line of his profession ; that he performed them in an improper way, as well as neglected to perform them as he ought to have done.

In such a case, we do not think the negation of negligence on the part of the plaintiff is necessary. Indeed, the undertaking, though sounding in tort, is founded in contract—to do a certain thing upon a consideration—and the breaches are alleged.

In the approved forms, we find no trace of such an averment; 1 Abbott's Forms, 361, 362 ; 2 Chitty Pleading, 16th Am. ed., 607 ; nor in any of the cases of malpractice, against surgeons, decided by this court; *Long* v. *Morrison*, 14 Ind.

595 ; *Gramm* v. *Boener*, 56 Ind. 497, and cases above cited.

The complaint, in our opinion, is good.

The appellant has pointed out no objections to the instructions, and we see none.

There is no such defect or weakness in the evidence as will authorize us—being an appellate court—to disturb the verdict.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.