No. 7323.

## HOOPINGARNER *v.* LEVY.

**MALPRACTICE.**—*Pleading.*—*Construction.*—*Contract.*-A complaint against a surgeon for malpractice in treating a broken limb, which alleges an employment of the defendant "to set and reduce the said fracture * * * and to attend to and cure and heal the same for a certain fee, and the said defendant undertook and entered upon such retainer and employment," does not allege or imply more than the duty which the law imposes on a surgeon who undertakes to treat such an injury, viz.: to exercise reasonable skill and care, and evidence of an express promise to cure is not necessary to sustain it.

From the Elkhart Circuit Court.

*J. I. Best, C. A. O. McClellan, J. H. Baker* and *J. A. S. Mitchell*, for appellant.

*W. Olds*, for appellee.

WORDEN, J.—Action by the appellee against the appellant. Judgment for the plaintiff below.

The following is the paragraph of complaint on which the plaintiff recovered, viz. :

"And for a further and second cause of action said plaintiff complains of the said defendant, for that the said plaintiff, before and at the time of the retainer of the said defendant hereinafter mentioned, had had the bones of his left leg below the knee broken and fractured, and that afterwards, to wit, on the 17th day of November, 1874, the said plaintiff, at the special instance and request of the said defendant, retained and employed the said defendant as a surgeon to set and reduce the said fracture of the bones of his said leg to their proper place, and to attend to and *cure* and heal the same, for a fee and reward to the said defendant in this behalf, and the said defendant undertook and entered upon such retainer and employment ; yet the said defendant, not regarding his duty in the premises, so carelessly, negligently and unskilfully set and reduced the said fracture of said leg, and so negligently and unskilfully bound up and dressed and bandaged the same, and so unskilfully and negligently nursed and attended to the said fracture and injury, that the plaintiff's leg, by reason of such unskilfulness and negligence, has become and still is crooked and shorter than its natural state, and, by reason of such unskilfulness and negligence of defendant, plaintiff has wholly lost the use of his said leg, whereby he has been greatly injured and rendered wholly unfit to attend to and follow his lawful business, and has also been put to great expense, to wit, the sum of two hundred dollars, in and about nursing and endeavoring to improve and cure his said leg, to the damage of the said plaintiff in the sum of ten thousand dollars. Wherefore," etc.

The following paragraph from the brief of counsel for the appellant, will show the ground relied upon for a rever-

Hoopingarner *v.* Levy.

sal. The counsel say: "The first question presented by this record, and the only one I now desire to discuss, depends upon the character of the second paragraph of the complaint. Does this paragraph declare upon an express promise to cure? If 'so, the case must be reversed, for the reason that there was no evidence to support such promise, and for the further reason that the court instructed the jury that the averment 'to heal and cure' might be disregarded, and the averment that he was 'to treat and attend to the case,' might be considered the gist of the complaint."

We do not think the paragraph contains an express promise to cure. It alleges, to be sure, that the plaintiff "retained and employed the said defendant as a surgeon to set and reduce the said fracture of the bones of his said leg to their proper place, and to attend to and cure and heal the same, for a fee," etc., "and that the said defendant undertook and entered upon such retainer and employment."

The allegation, that the defendant undertook and entered upon such retainer and employment, implies no more, as we think, than is implied by law from the undertaking of the service, viz.: that he would bring to bear a reasonable degree of care and skill, as a surgeon, in the undertaking. The paragraph is much like the first count in the declaration in the case of *Reynolds* v. *Graves*, 3 Wis. 416, which was held not to contain a promise to cure. There, as in this case, it was alleged that the plaintiff employed the defendant as a surgeon, etc., "to set, dress, take care of, manage and cure a certain broken bone of the thigh of the said plaintiff then lately broken, and the said defendant then and there accepted and entered upon the said employment and business." The case of *Grindle* v. *Rush*, 7 Ohio, 462, is not in point here, for there was an alleged undertaking to set and *cure* the broken leg.

The judgment below is affirmed, with costs.