Filed March 28, 1889.

No. 13,558.

PURSLEY *v.* WIKLE.

DAMAGES.—*Exchange of Lands.—Fraud.—Contract.—Right of Action.*—An action to recover damages resulting from the fraudulent representations of the defendant in an exchange of lands is not based upon the contract of exchange, but upon the fraud by which the plaintiff was induced to enter into it. *Griffin* v. *Moore*, 52 Ind. 295, and *Coon* v. *Vaughn*, 64 Ind. 89, distinguished.

SAME.—*Costs.—How Adjudged.*—In such a case, the costs are to be adjudged as provided in section 592, R. S. 1881, and if the plaintiff recovers less than five dollars damages, he is entitled to recover no more costs than damages.

COSTS.—*Taxation of.*—*Motion for.*—*Practice.*—Where the plaintiff is entitled to recover some costs, there is no error in overruling a motion to tax all the costs of the action against him.

From the Howard Circuit Court.

*J. F. Morrison, R. Vaile* and *F. Cooper,* for appellant.

*C. E. Hendry, J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellee.

COFFEY, J.—The appellee filed his complaint in the circuit court of Howard county, alleging substantially the following facts: That, on the 4th day of February, 1878, he was the owner in fee and in possession of a certain tract of land in Howard county, Indiana, describing it, which had for many years been occupied by him and his family as a homestead; that defendant represented to him that he was the owner of one hundred and forty acres of land in the State of Illinois, and proposed to exchange his said land in Illinois for the plaintiff's said land in Howard county; that in order to induce plaintiff to accept said proposition and make said exchange, the defendant then and there represented and stated to the plaintiff that one hundred acres of his said land in Illinois consisted of a seventy-acre tract and a thirty-acre tract; that said seventy-acre tract was dry prairie land, situate on a fine public highway, and was within a few yards of a good railroad station; that the same was all inclosed and cut up into fields with first class rail fences in good condition; that the soil was dry, black loam, and that the whole seventy acres was in a high state of cultivation; that there was a good farm-house thereon, nearly new, and in a good state of preservation; that said thirty-acre tract was located within one-half mile of said seventy-acre tract, on the same public highway, and was well and heavily timbered with oak, ash, walnut and poplar timber of fine quality and size; that the remaining forty-acre tract was situate just three miles from said seventy-acre tract, and was fine, black, rich soil; that it was inclosed by a first class rail fence, and was divided up

into three fields and was all in a fine state of cultivation; that there was a first class farm-house, and a fine apple orchard of good, healthy bearing apple trees, and stable and out-buildings on said tract; that the title to said land was perfect in him and unincumbered; that there was no break in it from the president down; that all said land was worth $7,000, and would sell for that amount at any time; that the plaintiff had no knowledge of the quality or condition of said land or of the improvements thereon or the title thereto, except as stated to him by the defendant; that fully relying on said representations and statements so made to him by the defendant, and believing them to be true, he accepted the defendant's proposition, and that he and said defendant fully completed said trade according to the terms thereof; that after completing said trade the plaintiff learned, to his surprise, that said representations so made by the defendant to him were wholly false in this: That in truth and in fact said seventy-acre tract was not all inclosed and cut up into fields by first class rail fences in good condition, but, on the contrary, there were no inside fences at all, and the outside fencing was nearly rotted down; that on the north end and west side the fences were entirely gone; that the whole of said seventy acres was not in a high state of cultivation, but, on the contrary, no part of it was in a high state of cultivation, and not more than twenty acres of the same had ever been in cultivation; said land was not high, dry prairie land, situate on a public highway within a few yards of a good railroad station, nor was said soil dry, rich, black loam, but, on the contrary, was low, wet, white clay, situate more than a half mile from any road or highway, and more than three miles from any railroad station; that the only farm-house on said seventy-acre tract was a small shanty, one story high, sided up and down with undressed oak boards and covered with clapboards three or four feet long; that the same was not ceiled or plastered, had no windows, and the only door to the same was constructed of clapboards; that said house

was wholly unfit to be inhabited; that said thirty-acre tract of land was situate more than three miles from said seventy-acre tract, was not on any public highway and had no timber on the same, except a few scrubby jack-oaks of no value; that said forty-acre tract was situate forty miles from said seventy-acre tract, and was in two separate tracts and was not owned by the defendant; that there was no building on the same, except a small log cabin very much dilapidated; that there was no orchard on the same of any value; that the fences on the same were almost worthless; that there was a valid mortgage lien on the same which plaintiff was compelled to pay, at an expense of $450, to save said land; that said three tracts of land were not worth $1,200, and that by reason of all said facts the plaintiff has been damaged in the sum of $6,000.

So far as they affect the questions involved in this case, the allegations in the second paragraph of the complaint do not differ materially from the allegations in the first paragraph.

Upon the issues formed by a general denial to this complaint the cause was submitted to a jury, who returned a verdict for the plaintiff for one dollar.

Immediately after the return of said verdict, and before the rendition of judgment thereon, the defendant filed a written motion to tax all the costs in the case against the plaintiff, alleging as a reason therefor that the amount of the recovery was not sufficient to carry costs against the defendant.

The court rendered judgment on this verdict for the plaintiff for one dollar and for all the costs in the action. This judgment was rendered on the 14th day of November, 1885, but no action was taken on the above motion until the 29th day of October, 1886, when the same was overruled, and the question thereon was saved by the defendant by a proper bill of exceptions. It appears by this bill that the only questions tried in the cause were the questions of fraud set out in the complaint, and the amount of damages sustained by the plaintiff by reason of such fraud.

At a subsequent date the defendant also filed a motion to modify the judgment as to costs, praying that the judgment be so modified as to adjudge all the costs in the cause against the plaintiff. This motion was overruled by the court, and the defendant excepted.

In the assignment of errors in this court the appellant calls in question the correctness of the rulings of the court below in overruling his several motions above set forth.

The statute of 1881 upon the subject of costs is as follows:

"Section 590. In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.

"Section 591. In actions for money demands on contract commenced in the circuit or superior courts, if the plaintiff recover less than fifty dollars, exclusive of costs, he shall pay costs, unless the judgment has been reduced below fifty dollars by a set-off or counter-claim pleaded and proved by the defendant, in which case the party recovering judgment shall recover costs. * * * *

"Section 592. In all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injuries to character and false imprisonment, and where the title to real estate comes in question."

It is contended by the appellant that the cause of action set out in the complaint is for a money demand on contract, and that, therefore, the appellee, to entitle him to a judgment for costs, must obtain a judgment for at least fifty dollars. As we have seen, the only question tried in the cause was the question of fraud set up in the complaint.

Fraud consists in an undue advantage taken of a party under circumstances which mislead, confuse or disturb the just results of his judgment, and thus expose him to be the victim of the artful, the importunate and the cunning. 1 Story Eq. Jur., section 251; *Turley* v. *Taylor*, 6 Baxter (Tenn.), 376. It is a tort, and is so treated by all the authorities. Ordinarily,

the essence of a tort consists in the violation of some duty to an individual, which duty is a thing different from the mere contract obligation. *Rich* v. *New York, etc., R. R. Co.,* 87 N. Y. 382.

When the appellee discovered the fraud alleged in his complaint he was free to pursue either one of two remedies—he had the right to rescind the contract between him and the appellant, by tendering back, within a reasonable time, all he had received under its terms, or he had the right to stand by the contract and sue the appellant for the damages he had sustained by reason of the fraud. He chose the latter remedy, and in doing so he is not to be regarded as suing upon the contract. His action is based upon the fraud, the wrongful conduct of the appellant, by the means of which he was induced to enter into it.

We do not regard *Griffin* v. *Moore,* 52 Ind. 295, and *Coon* v. *Vaughn,* 64 Ind. 89, as being in point in this case. In the first case cited, it was held by a majority of this court that the action was based upon the implied contract of the defendant to take proper care of the horse in question, and in the latter case it was held that the complaint was based upon the implied contract of the defendant to properly treat the plaintiff, as a physician, having been employed to perform that duty. Nor do we regard the view here taken as being in conflict with the statute prescribing rules for construction. As we have seen, this action does not arise out of the contract between the parties, but rather out of the wrongful conduct of the appellant prior to the time the contract was entered into.

We do not think the law required the appellee to recover a judgment for fifty dollars before he could recover a judgment for costs. The judgment for costs in this case is governed by section 592. Under that section if the appellee recovered less than five dollars he was entitled to recover no more costs than damages. As to the reason for adjudging all the costs in this case to the appellant we have no infor-

mation. If it was erroneously done, the court below was not asked to correct it.

We do not think the court erred in overruling the motion of the appellant to tax all the costs in the cause to the appellee, nor was it error to overrule the motion to so modify the judgment as to adjudge all the costs against him.

Judgment affirmed.

Filed Jan. 22, 1889; opinion modified March 28, 1889.