De Hart *v.* Haun.

Filed Dec. 19, 1890.

---

No. 14,635.

## De Hart *v.* Haun.

MALPRACTICE.—*Complaint.*—*When Sounding in Tort.*—*Exemption.*—In an action against a physician for damages growing out of alleged malpractice, the complaint alleged that the plaintiff, having injured his right shoulder and arm, "the defendant, being then a practicing physician and surgeon, as such undertook faithfully, skilfully and diligently to treat and set, and endeavor to cure and heal said arm and shoulder." Then follow proper averments as to his lack of skill, negligence, etc.

*Held*, that the action was in tort, and not on contract, and that judgment having been recovered against the defendant he was not entitled to an exemption.

From the Warren Circuit Court.

*W. P. Rhodes* and *E. Stansbury*, for appellant.
*J. McCabe* and *E. F. McCabe*, for appellee.

OLDS, C. J.—This was an action brought by the appellant in replevin, for the possession of a mare. Execution was issued against the property of the appellant on a judgment rendered against him in the Warren Circuit Court, in favor

De Hart *v.* Haun.

of Jacob Etmire for $500 in an action for malpractice. The writ was placed in appellee's hands, as sheriff of said county, and levied upon said mare, which was the property of appellant. The appellant filed at the proper time, with the sheriff, a schedule of his property, duly verified, and demanded the mare as exempt from execution, and the sheriff refusing to allow the appellant an exemption, this suit was brought for the possession of the mare, alleging the facts. The appellee answered in denial, and by a second paragraph. The second paragraph alleged that the judgment upon which execution was issued was rendered in said case of Etmire against De Hart, which was one of *tort*, setting out a copy of the complaint in said cause, and that issue was joined by general denial and a trial had, and the judgment rendered upon the issue so joined. The appellant demurred to the second paragraph of answer, which was overruled and exceptions reserved, and the ruling assigned as error. It is contended by counsel for appellant that the action of Etmire against De Hart was on contract, and, therefore, he is entitled to an exemption; on the other hand, it is contended by counsel for appellee that the action was in *tort*, and that appellant is not entitled to an exemption. The question to be determined arises upon the complaint in the action for malpractice.

The complaint is as follows:

" The plaintiff, Jacob Etmire, complains of the defendant, Jacob De Hart, and says that on June 8th, 1885, from a fall from his horse he dislocated, bruised and injured his right shoulder and arm, and the defendant, being then a practicing physician and surgeon, as such undertook faithfully, skilfully and diligently to treat and set, and endeavor to cure and heal said arm and shoulder. But the plaintiff avers that on the contrary thereof, the said defendant conducted himself in and about his endeavoring to set said arm and shoulder, and in and about curing the same, so unskilfully, negligently and unprofessionally that by reason of the improper

treatment and unskilful and negligent conduct of the defendant, said arm and shoulder were not set, nor healed and cured, but were permitted to remain out of place for the space of four weeks, until it became impossible to properly set or cure the same. Whereby," etc.

We think it clear that this complaint is for the tort, and not a suit upon a contract. The complaint alleges no more than the law imposed upon the defendant, and is implied on the part of the surgeon from undertaking the services, and it does not attempt to allege a contract and breach thereof.

In 1 Chitty Pleading, p. 397, it is said: " When the plaintiff's right consists in an obligation on the defendant to observe some particular duty, the declaration must state the nature of such duty, which we have seen may be founded either on a contract between the parties, or on the obligation of law, arising out of the defendant's particular character or situation ; and the plaintiff must prove such duty as laid, and a variance will, as in actions on contracts, be fatal. When the declaration is for the breach of an express or implied contract, and proceeds for nonfeasance, the consideration of the contract must be stated either in terms or in substance ; but when it is for a misfeasance or malfeasance, no consideration need be stated. And when it is founded on the obligation of law, unconnected with any contract between the parties, it is sufficient to state very concisely the circumstances which gave rise to the defendant's particular duty or liability."

In the complaint in question no consideration is alleged. It is simply alleged that the defendant, as such surgeon, " undertook faithfully, skilfully and diligently to treat and set and endeavor to cure and heal said arm and shoulder." It does not allege that the defendant undertook or promised to do any thing more in the treatment of the case than the law made it his duty to do. The word " undertook " is not a synonym for " promised," " agreed " or " contracted." A party may have undertaken to do an act without any con-

tract or agreement with another to do the act or promise made to another. The word is used in the sense of " entered upon."

In the case of *Goble* v. *Dillon*, 86 Ind. 327, the complaint alleged that the defendants " were called upon and requested to exercise their professional knowledge and skill in adjusting and setting said broken bone, and cure and heal the same ; that they undertook the same as such physicians and surgeons, for a reasonable fee, to be thereafter paid them." And, in speaking of the complaint, the court in that case said : " Though his pleading is not in good form, we think that upon a reasonable construction of the language employed, according to its ordinary meaning, the complaint was in tort. No promise of the appellees is alleged. The word ' undertook,' taken with the context, may perhaps be said to be used in the sense of *entered upon,* and not in the sense of *promised, engaged* or *became bound.'* "

This case is limited in some respects in the case of *Boor* v. *Lowrey*, 103 Ind. 468, but not in relation to the construction of the complaint. In the latter case the complaint alleged an employment by the plaintiff, and " they undertook, for a certain reward, to set," etc., and the court says : " It might well be said within the holding in *Goble* v. *Dillon*, 86 Ind. 327 (44 Am. Rep. 308), that the action was brought in form *ex delicto.*" Judges ELLIOTT and ZOLLARS concurred in the principal opinion, for the reason, as stated in their separate opinion, that the complaint is in tort, and not in contract. These decisions are conclusive of the questions involved.

In *Hoopingarner* v. *Levy,* 77 Ind. 455, the same rule is applied in the construction of a complaint. It is contended that the complaint in this case is in form the same as in the case of *Coon* v. *Vaughn,* 64 Ind. 89, which was held to be founded upon contract, but the allegations are different. In the complaint in the case of *Coon* v. *Vaughn, supra,* it is al-

leged that the defendant undertook and promised the plaintiff in consideration of a reasonable reward.

As we construe the complaint it is an action in *ex delicto,* and the defendant was not entitled to an exemption.

There was no error in overruling the demurrer to the answer.

Judgment affirmed, with costs.

Filed Dec. 19, 1890.