Lane v. Boicourt.

No. 15,079.

LANE v. BOICOURT.

MALPRACTICE.—*Pleading.*—*Waiver of Tort.*—In an action against a physician for malpractice, the plaintiff may elect to sue on contract, and thus waive the tort.

SAME.—*Pleading.*—*Actions Ex Contractu or Ex Delicto.*—A complaint in an action against a physician for malpractice alleged that the plaintiff employed the physician to give professional attention to his wife, in childbirth, for which compensation was to be paid, and that the physician contracted with the plaintiff to render the required services; that, as a breach of said contract, the physician failed to give the plaintiff's wife proper attention, causing her great injury. *Held*, that the complaint was in contract, and not in tort.

WITNESS.—*Privileged Communication.*—Where a plaintiff, in an action for malpractice, testifies to an occurrence of the sick room, the physician, or one in attendance as a consulting physician, may testify as to what occurred, as the plaintiff by testifying removes the obligation of secrecy on the physician's part.

From the Boone Circuit Court.

*T. J. Terhune* and *B. S. Higgins,* for appellant.
*H. C. Wills* and *O. P. Mahan,* for appellee.

ELLIOTT, J.—The material facts stated in the appellee's complaint are these: The appellant was engaged in the practice of medicine and surgery for fifteen years prior to the 17th day of April, 1883, and represented himself to be skilled as a physician, surgeon and accoucher. On the day named the appellant was employed by the appellee to give professional care and attention to his wife, for which compensation was to be paid  The appellee's wife was brought to bed in child-birth, and the appellant was employed to give her such professional care as she required to safely deliver the child, and also to bestow upon her such medical and surgical attention as might be needful until her restoration to health.  The appellant failed to give his patient the proper support or attention during parturition, but through his efforts caused the period of labor to be shortened, resulting

Lane v. Boicourt.

in a laceration and rupture of the muscles connected with the genital organs. The appellant's duty was to at once bring the ruptured parts together and to take measures to cause them to reunite, but this duty he failed to perform, and negligently suffered five days to elapse before attempting to bring the parts together. When he did make the attempt, he did his work so negligently and unskilfully as to cause his patient great injury.

The outline we have given is sufficient to indicate the general scope of the complaint, but in order to determine the question which the appellant's counsel present, it is necessary to refer specifically to some of the allegations of the pleading. The question which counsel present is whether the complaint is in contract or in tort, and this question must, of course, be determined from the allegations of the pleading. It is proper to preface our analysis of the complaint by saying that a plaintiff may elect to sue in tort or in contract. It is probably true that some of the expressions contained in the prevailing opinion in *Boor* v. *Lowrey*, 103 Ind. 468, indicate a different doctrine, but the limitation placed upon that decision when the case was in this court for the second time, authorizes the conclusion that it was not adjudged on the first appeal that a plaintiff may not elect to sue in contract, and thus waive the tort. *Hess* v. *Lowrey*, 122 Ind. 225. The later decisions, as well as the earlier, very clearly assert that the tort may be waived, and an action brought upon the contract. *De Hart* v. *Haun*, 126 Ind. 378; *Goble* v. *Dillon*, 86 Ind. 327 (44 Am. R. 408); *Hoopingarner* v. *Levy*, 77 Ind. 455; *Burns* v. *Barenfield*, 84 Ind. 43; *Coon* v. *Vaughn*, 64 Ind. 89; *Staley* v. *Jameson*, 46 Ind. 159. The decisions elsewhere fully recognize the rule that the action may be maintained upon the contract of the surgeon. *Gladwell* v. *Steggall*, 5 Bing. (N. C.) 733; *Pippin* v. *Sheppard*, 11 Price, 400. In *Nelson* v. *Harrington*, 1 Law. Rep. Ann. 719, it is conceded that an action will lie on the contract, but it was held that the alle-

gations in the complaint before the court respecting the contract were mere matters of inducement.

Assuming that an action will lie upon a contract where facts are properly pleaded, we shall briefly give the result of our analysis of the appellee's complaint. It states that the appellee employed the appellant and promised him compensation, and this, according to the English rule, is a controlling element. It avers, although very loosely, that the appellant contracted with the appellee to render the required services. It also contains this statement, " and the plaintiff alleges, as a breach of said contract, that the defendant failed to give the plaintiff's wife the proper attention." In our opinion the complaint is in contract, and not in tort, for the averments referred to show that the pleader relied upon the agreement. The complaint can be much improved by amendment, but, as the question comes to us, we hold it sufficient as a complaint upon a contract, although we think a motion to make more specific would compel the plaintiff to amend it. We have decided the question stated because it may hereafter arise, not because it is essential to a decision of the case now before us. The complaint unquestionably states a cause of action whether it be construed as declaring in contract or in tort, and, if it does, the demurrer can not prevail against it. The appellant's counsel hint, rather than assert, that a question of the statute of limitations is involved, but there is no such question in the record.

We come now to a question presented by the ruling denying a new trial. The appellee, his wife, and his wife's mother, testified as to all that was done by the appellant at the time the surgical operation which caused the injury to the appellee's wife was performed. The appellant also testified, without objection, to what occurred at that time. He then called Dr. Williamson, who was in attendance as a consulting surgeon, but the trial court refused to permit him to testify to any matter that occurred at the time the operation

Lane v. Boicourt.

was performed by the appellant. In our judgment this was error.

The testimony given by the witnesses of the appellee broke the seal of privacy, and gave publicity to the whole matter. The patient waived the statutory rule. The course pursued laid the occurrence open to investigation. Nothing was privileged, since all was published. The statute was not meant to apply to such a case as this, nor is it within the letter or the spirit of the law. If a patient makes public in a court of justice the occurrences of the sick room for the purpose of obtaining a judgment for damages against his physician, he can not shut out the physician himself, nor any other who was present at the time covered by the testimony. When the patient voluntarily publishes the occurrence, he can not be heard to assert that the confidence which the statute was intended to maintain inviolate continues to exist. By his voluntary act he breaks down the barriers, and the professional duty of secrecy ceases. It would be monstrous if the patient himself might detail all that occurred, and yet compel the physician to remain silent. The principle is the same whether the physician called is a consulting physician, or is the defendant. The opening of the matter to investigation removed the obligation of secrecy as to all, not merely as to one. When the obligation to silence is broken, it is broken for the defendant as well as for the plaintiff. As to all witnesses of the transaction it is fully opened to investigation, if opened at all, by the party having a right to keep it closed. A patient can not elect what witnesses shall be heard, and what shall not; for if once investigation legitimately begins, it continues to the end. A patient may enforce secrecy if he chooses, but where he himself removes the obligation he can not avail himself of the statute to exclude witnesses to the occurrence. The case of Hope v. Troy, etc., R. R. Co., 40 Hun, 438, is not in point. In that case the physicians were called at different times; here there was one time and one occurrence, and that occurrence

was given full publicity by the patient. It is only the secrets of the sick room, or of the consultation, we may say in conclusion, that the physician is forbidden to reveal, and what is made public by pleadings and by evidence in à court of justice can by no possibility be privileged to benefit the party who thus gives it such wide publicity.

