Feary *v.* Hamilton *et al.*, Executors.

◆

No. 17,291.

FEARY *v.* HAMILTON ET AL., EXECUTORS.

ACTION.—*For Personal Injury.*—*When Does Not Survive.*—Under section 283, R. S. 1894 (R. S. 1881, section 282), a cause of action, whether in tort or upon contract, to recover damages caused by a personal injury, such as loss of time, inability to attend to business, expense incurred for the services of a physician, and the like, dies with the person of either party.

SAME.—*When Action Survives.*—It is only where the injury complained of affects primarily and principally property and property rights, and the injury to the person is merely incidental, that the cause of action survives.

From the Shelby Circuit Court.

*E. K. Adams* and *K. M. Hord,* for appellant.

*T. B. Adams* and *I. Carter,* for appellees.

MONKS, J.—This action was originally commenced by appellant against Samuel Hamilton to recover damages for a personal injury sustained by her while she was occupying a dwelling house of said Hamilton as his tenant. There was a judgment against Hamilton, and he appealed said cause to the Appellate Court, where the same was reversed, with directions to sustain the demurrer to the complaint. *Hamilton, Exr.,* v. *Feary,* 8 Ind. App. 615.

While said cause was pending in the Appellate Court, Hamilton died testate, and the appellees were duly appointed executors.

When the cause was remanded to the court below, the death of Hamilton was suggested, and the appellees were made defendants.

The appellant thereupon filed an amended complaint, to which appellees filed a demurrer, which was sustained and exception taken, and judgment rendered on demurrer against the appellant.

The only error assigned is that the court erred in sustaining the demurrer to the complaint.

The substance of the amended complaint is as follows:

That on the 22d day of February, 1890, the appellant leased, in writing, from the decedent, the premises described; that by the terms of the lease appellant was to pay as rent therefor the sum of $8.33 per month, in advance; that the tenancy was to begin on said date, and to continue for six months thereafter; that she was to keep the property in good condition, not sublet the same, and to give possession thereof at the end of six months. A copy of the lease was filed with the complaint, as exhibit A.

It is further alleged that appellant did not take possession under the lease on said day, and that after the execution of the lease, and before appellant took possession of the property, it was agreed between the parties that appellant should not and would not be required to pay the first month's rental until she had taken full possession.

It is then averred that there was, at that time, and for several months subsequent thereto, located upon said lot, and in the rear of said house, a circular excavation about five feet in depth, and about seven feet in diameter, which decedent had caused to be made, intending there-

by to make a cistern; that a portion of the said dwelling house was then badly in need of being papered, the walls being smoked and dingy in appearance; that after the signing of said lease, to wit, on the 24th day of February, 1890, and before any act had been done thereunder, and before possession had been taken by the appellant, and before there was any breach of the terms of said lease by either party, appellant having discovered for the first time the excavation aforesaid, and the condition of the walls aforesaid, refused to take possession of said premises under the said lease, or to pay any sum of money as rental for said premises under said lease, or to comply with any of the terms of said contract; that thereupon, and upon said day, appellant and the decedent entered into a parol modification of said lease, as follows: That the said decedent, to induce appellant immediately to take possession of said premises as his tenant, and to pay him the said rental therefor, then and there agreed with appellant that if she would on that day take possession of said premises, and continue as tenant therein for the said period of six months, at the rate and under the terms mentioned in said lease, and if she would on that day pay him the sum of $8.33 in cash as the first month's rental, he would immediately thereafter finish said excavation, and make a good cistern, by making the same deeper, and walling up the same, and would cover up and repair the said excavation so that the same would and could not endanger the lives or bodies of persons who should go upon said lot, or in proximity to the place where the excavation existed; that decedent also agreed to paper said house and put the whole thereof in good condition for the use of the appellant who desired the use of all said property for a dwelling for herself and family; that thereupon, and before appellant had taken possession of said property, she paid the decedent the

sum of $8.33, and immediately thereafter went into the possession of said premises under said lease, and said modification thereof, and occupied the same under said lease, as modified, for and during the period aforesaid, for all of which she fully paid decedent at the rate aforesaid, and in all things fully performed her part of said agreement, and the said modification thereof; that at the time of said renting, and during the period of said tenancy, the decedent had located and maintained near the edge of said excavation a well, in which was a pump, from which, under said lease, appellant obtained water for domestic purposes, said well being the only place on said lot from which water could be obtained; that said decedent complied with his agreement to paper the walls of said house; that said decedent did not, at any time, repair said excavation or make a cistern thereof, nor did he do anything whatever in reference thereto; that within fifteen days after the said appellant took possession of said premises, the decedent not having done any act toward repairing said excavation, the appellant urged him to comply with his agreement, that if he did not repair said excavation immediately she would abandon the premises; that thereupon the decedent, to induce the appellant to remain in possession of said premises, promised and agreed with her that if she would continue in the possession thereof he would, as soon as the same could be done, repair said excavation and make the same into a cistern and put the same into a condition so as not to endanger the lives or persons of those going upon said premises; that the appellant, relying wholly upon said promises of the decedent and believing in good faith that he would carry out the same, agreed to remain in the possession thereof and did continue in the possession thereof; that during each week the appellant occupied said premises from the time she took possession thereof con-

tinuously up to and including the week she received the injury hereinafter set forth, she called upon the decedent and informed him of the condition of said excavation and requested him to repair the same and told him that if he neglected entirely so to do that she would abandon the premises, and that on each of said occasions the decedent promised and agreed with the appellant that if she would continue to occupy said premises he would make said repairs; that appellant at all times, from the beginning of her occupancy of said premises to the time she received such injury, relied upon the promises made by the said decedent to so repair said excavation and believed during all of said time that the said decedent would carry out said promise and make said repairs; that if said decedent had not made said promises appellant would have abandoned said premises long before she received the injuries complained of and would have thereby avoided receiving the same; that heretofore, to wit, on the 26th day of July, 1890, and in the night time, and while appellant was prudently and carefully trying to get some needed water from said well by means of said pump, and while she was standing upon the ground near said excavation, and no nearer than was necessary in order to get said water, she being near to said pump and in the proper place to get water therefrom, the earth surrounding said excavation, and upon which she was standing, caved and fell into said excavation so suddenly and unexpectedly to her that, without any fault or negligence on her part, she was thereby precipitated and thrown violently and with great force into said excavation and upon a piece of timber lying at the bottom thereof, resulting in serious bodily injury to her, as hereinafter set out; that said excavation was made as set out, and without any walls or other barriers

thereto whereby said adjoining earth could be held in place, and that by reason of the same remaining in such condition during the period aforesaid the earthen walls of said excavation had become, at the time of said injury, so undermined and in such dangerous condition as to result in the injury aforesaid, which condition was perceptible to decedent; that appellant had no knowledge prior to said injury that the earth surrounding said excavation was in said undermined and dangerous condition, and she believed up to said time that the same was firm and would support her weight thereon; that, by reason of said fall, appellant sustained the following injuries, to wit:

She fell upon her left shoulder and side, fracturing two of her ribs, jarring, bruising and · injuring her breast, lungs, and heart, and she also thereby received a severe bruise upon her right hand and arm; that by reason of said injuries she was confined to her home and bed for a period of more than six weeks, and that the injuries to her breast, lungs, heart, and hand are permanent injuries to her, from which she has not and never will recover; that said injuries were not caused by any act, fault or negligence of the appellant whatever, but were wholly the result of said wrongful and negligent acts of said decedent and the violation of his agreement to repair, as aforesaid; that appellant was at the time of said injuries engaged in the business of keeping store; that she has at all times since been unable to perform the labor of managing said business, her service in managing said business being worth twenty-five dollars per week; that she suffered great pain from said injuries and ever since she received the same they have caused her to suffer, and she yet suffers therefrom great pain and anguish of body and mind; that by reason of said injuries she was required to employ a physician to treat

her therefor, by reason whereof she incurred a liability in the sum of one hundred dollars; that by reason of all the premises she has been damaged in the sum of five thousand dollars; that since the commencement of the action the said Samuel Hamilton died testate, and that the appellees were duly appointed executors of his last will.

It is urged by counsel for appellees that the cause of action set up in the complaint died with Hamilton, under the provisions of section 283, R. S. 1894 (section 282, R. S. 1881), which provides that "A cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person and actions for seduction, false imprisonment, and malicious prosecution." Counsel for appellant earnestly contend that this is an action upon contract; that the decedent having contracted in his lifetime against the injuries complained of, his contract can not be avoided by reason of his death. They admit that actions in tort die with the person of either party, but say that actions upon contract do not so die, but may be enforced against the legal representatives.

Counsel do not cite any authority to sustain this broad proposition, and we have been unable to find any going to that extent.

On the contrary, it is settled law that actions arising out of contracts, expressed or implied, will not survive where the damages sustained by such breach are for injuries to the person, as mental anguish, pain of body or injury to character. *Boor, Admr.*, v. *Lowrey*, 103 Ind. 468; *Wolf* v. *Wall*, 40 Ohio St. 111; *Stebbins* v. *Palmer*, 1 Pick. (Mass.) 71; *Vittum* v. *Gilman*, 48 N. H. 416; *Smith* v *.Sherman*, 4 Cush. 408; *Wade* v. *Kalbfleisch*, 58

N. Y. 282; *Chase* v. *Fitch*, 132 Mass. 357; *Jenkins* v. *French*, 58 N. H. 532; *Hess* v. *Lowrey*, 122 Ind. 225.

It is true, as a general proposition, that actions in form *ex contractu* survive, but this is due rather to the substance of the action than its form. The nature of the damage sued for and not the nature of its cause determines whether or not it will survive. *Cutler* v. *Hamlin*, 147 Mass. 471; 1 Chitty Pl., 101.

The rule is that where the injury complained of affects primarily and principally property and property rights, and the injury to the person is merely incidental, the cause of action survives. The action must involve the injury to the estate, and not to the person. *Boor, Admr.*, v. *Lowrey*, *supra*, and authorities cited; *Hess* v. *Lowrey*, *supra*.

But where the action is brought primarily to recover for injury to the person, and the injury to the property is merely an incident, as loss of time while sick and expenses incurred in endeavoring to be cured, the same does not survive. *Boor, Admr.*, v. *Lowrey*, *supra; Hess* v. *Lowrey*, *supra*.

In such case the loss of property, that is the loss of time and the expenses incurred in endeavoring to be cured, was caused by the personal injury, and would not have occurred but for such injury.

In this case, the appellant's loss of time and inability to attend to and manage her store, and the expense incurred for the services of a physician, were all caused by the personal injury alleged, and would not have been sustained but for such personal injury.

This question has been fully considered by this court in the cases of *Boor, Admr.*, v. *Lowrey*, *supra*, and *Hess* v. *Lowrey*, *supra*, and decided against the appellant.

The authorities cited by appellant, were examined, distinguished, and explained in those cases; and, after a

careful consideration, we see no reason to depart from the rule there stated. Under the foregoing propositions, it makes no difference in this case whether the action is on the contract or in tort; the result is the same. It is not, therefore, necessary for us to decide, nor do we decide whether it is an action sounding in contract or in tort.

Neither do we wish to be understood as holding the complaint otherwise sufficient. There are a number of authorities which declare that the covenant to repair does not include any liability for personal injury or death resulting from nonrepair. Gear Land. and Ten., section 109; McAdam Land. and Ten., section 110; *Kabus* v. *Frost*, 50 N. Y. Super. Ct. 72; *Spellman* v. *Bannigan*, 36 Hun, 174; *Flynn* v. *Hatton*, 43 How. Pr. 333; Sedgwick Damages (4th ed.), 216; *Arnold* v. *Clark*, 45 N. Y. Super. Ct. 252; *Tuttle* v. *G. H. Gilbert Mfg. Co.*, 145 Mass. 169; *Collins* v. *Karatopsky*, 36 Ark. 316; *Sanders* v. *Smith* (N. Y. Sup. Ct.), 5 Miscellaneous Reports, 1.

The court below did not err in sustaining the demurrer to the amended complaint.

The judgment is affirmed.

HACKNEY, J., took no part in the decision of this case.

Filed Jan. 17, 1895.