### SOUTHERN RY. CO. v. MAYES.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

#### No. 421.

1. INSTITUTION OF SUIT AGAINST FOREIGN. CORPORATION — ADMISSION OF PRESENCE WITHIN STATE.

The institution of a suit against a foreign corporation in North Carolina is an admission on plaintiff's part that it is doing business and is to be found within that state at the time.

2. SAME—PERSONAL INJURIES—WHAT LAW GOVERNS.

In an action for injuries to the person, brought against a foreign railroad corporation, at plaintiff's election, in North Carolina, where the injury occurred, plaintiff's rights must be determined by the laws of that state.

3. SAME—LIMITATIONS—COMPUTATION OF PERIOD.

Code N. C. § 162, provides that, where a person is out of the state when an action accrues against him, it may be commenced within the time prescribed after his return, and if after such accrual he departs from and resides out of the state, or remains continuously absent therefrom, for one year, the time of his absence shall not be computed. *Held*, that where a foreign railroad corporation was operating its road and doing business in North Carolina at the time of plaintiff's injury, and continued to do so during the entire period limited for commencing suit therefor, an action commenced thereafter was barred; the statute recited not being applicable to such case.

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Charlotte.

Charles Price, for plaintiff in error.

Charles W. Tillett (of Jones & Tillett), for defendant in error.

Before SIMONTON, Circuit Judge, and JACKSON and PUR-NELL, District Judges.

JACKSON, District Judge. This is an action brought by the defendant in error against the plaintiff in error to recover damages growing out of a collision which occurred on the 11th day of April, 1897, between the trains of the defendant company, near Harrisburg, N. C., whereby it is claimed that the plaintiff, who was a passenger on one of the trains, was greatly injured and damaged. It is not denied that the collision took place at the time and place alleged in the plaintiff's complaint, in the state of North Carolina; that the plaintiff in the action was greatly injured thereby; and that by reason of that fact he instituted his suit in the state of North Carolina to recover damages because of the alleged injuries.

The bringing of the suit by the plaintiff in the state of North Carolina is an admission upon the part of the plaintiff that the defendant corporation was doing business in, and was to be found in, that state; otherwise there would be no jurisdiction over the defendant corporation, either in the federal or state courts. In this action it is to be noticed that upon the trial of this case the court below took judicial notice of the fact that the defendant corporation, as such, was a citizen of the state of North Carolina, and was operating within the boundaries of that state about 1,200 miles of railroad.

This action was brought on the 18th day of September, 1900, as appears from the date of the summons, which, by the provisions of section 161 of the Code of North Carolina, is the date when an action is commenced. To this action the defendant railroad company interposed a plea of the statute of limitations, which is the only question presented in the record of this case for the consideration of the court; and the assignment of error is that the court below erred in holding that the cause of action of the defendant in error was not barred by the statute of limitations of the state of North Carolina, to which ruling of the court below the plaintiff in error filed an exception.

The Southern Railway Company, though a foreign corporation, was nevertheless a citizen of the state of North Carolina at the time of the collision,—at least, so far as the rights of any citizen interested in a claim or demand against it. It was a legal entity, and as such represented the rights of the corporators, and had the same legal power as a natural person either to assert or defend its rights. This principle of law is so well established at this date that we deem it unnecessary to cite authorities to support it.

The claim of the plaintiff below is that the defendant corporation was not to be found in the state of North Carolina, so that process could be served upon it, and, under section 162 of the Code of North Carolina, the statute of limitations does not bar a recovery on this action. The facts in this case show that the defendant com-

pany was at the time of the accident doing business in the state of North Carolina, and that it has so continued to do up to the date of the said summons, and in fact ever since, and up to the trial of the case. The plaintiff concedes by his action that the defendant company was at the time of the institution of this suit doing business in the state of North Carolina, otherwise he could not have maintained his action in this form. It clearly appears that the status of the defendant company in the state of North Carolina at the time of the accident was the same as at the commencement of the action. If this is true, then the defendant company, although a foreign corporation, was engaged in running its trains over its railroad, and was to be found within the limits of the state, for more than three years after the collision, and prior to the institution of this action. This is an action for damages to the person of the plaintiff, and it is well settled that an action of this character can be maintained wherever the wrongdoer is found. In this case the wrongdoer, as it is claimed by the plaintiff, is the defendant company, which was operating a railroad in the state of North Carolina; and the accident by which the plaintiff was damaged occurring in that state, and he having elected to bring his action in North Carolina, his rights must be determined by the laws of that state.

It is claimed by the plaintiff that, by section 162 of the Code of North Carolina, the defendant company cannot rely upon the plea of the statute of limitations (which is three years) to defeat the action, for the reason that the limitation had not begun to run before the commencement of the action. Section 162 of the Code of North Carolina provides that:

"If when the cause of action accrue, or judgment be rendered, or docketed against any person, he shall be out of the state, such action may be commenced, or judgment enforced, within the time, herein respectively limited, after the return of such person, into this state, and if, after such cause of action shall have accrued, or judgment rendered or docketed, such person shall depart from, and reside out of the state, or remain continuously absent therefrom, for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action, or the enforcement of such judgment."

It will be observed that the statute relied upon has no application to the facts in this case. In the first place, the defendant below was not at any time within the three years after the accident and before the commencement of this suit out of the state; and, in the second place, it did not depart or reside out of the state, or remain continuously absent, for the space of one year or more. Neither provision of the statute has any application to the facts of this case; for said facts show conclusively that the defendant corporation ever since it commenced doing business in the state of North Carolina has had a local abode and habitation in that state, for more than three years prior to the institution of this action. The defendant company is, within the provisions of the fourteenth amendment of the constitution of the United States, a person, having all the rights that a natural person may have in actions for or against it. Assuming this position to be true, we reach the conclusion that the defendant corporation is entitled to rely upon the

statute as a defense to this action, and that more than three years had elapsed before the suit was commenced.

For the reasons assigned, we are of the opinion that the court below erred in overruling the plea of the statute of limitations, and that the case should be reversed. Reversed.