TILLER v. ST. LOUIS & S. F. R. CO.

(Circuit Court, W. D. Oklahoma. May 10, 1911.)

No. 36.

1. LIMITATION OF ACTIONS (§ 88*)—STATUTES—FOREIGN CORPORATIONS—"PERSON."

Comp. Laws Okl. 1909, § 5553, provides that if, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state or while he is so absconded or concealed, etc. Held, that such section does not apply so as to prevent the statute of limitation from running against a foreign corporation authorized to do business within the state and having an officer or agent within the state on whom process may be served and an action commenced within the prescribed period of limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 88.*

For other definitions, see Words and Phrases, vol. 6, pp. 5322-5335; vol. 8, p. 7752.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DAMAGES (§ 49*)—FIRES—RIGHT OF ACTION.

Wilson's Rev. & Ann. St. 1903, § 3068, provides that any railroad company operating a line within Oklahoma Territory shall be liable for all damages sustained by fire originating from operating the road. *Held*, that the term "all damages" as so used should be construed as limited to indemnity recoverable by a person who has sustained an injury either in his person, property, or relative rights through the act or default of another, not including such acts as are damnum abseque injuria, and hence a complaint by a husband against a railroad company for alleged mental anguish, suffering, terror, and other states of mind of his wife, caused by fire alleged to have been negligently set out by defendant railroad approaching their dwelling disassociated from any acts of personal injury or violence, did not state a cause of action.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 49.*

For other definitions, see Words and Phrases, vol. 2, pp. 1812–1820; vol. 8, pp. 7625, 7626.]

3. LIMITATION OF ACTIONS (§ 127*)—AMENDMENT OF PLEADING—NEW CAUSE OF ACTION—LIMITATIONS.

Comp. Laws Okl. 1909, § 5679, provides that before or after judgment the court in the furtherance of justice may amend any pleading by adding or striking out the name of a party or correcting a mistake in the name of a party, or a mistake in any respect, or by inserting other allegations material to the case, or to conform the proceeding to the facts proved, when such amendment does not change substantially the claim or defense, and when any proceeding fails to conform in any respect to the provisions of the Code, the court may permit the same to be made conformable thereto by amendment. *Held* that, where an original petition filed by a husband for injuries alleged to his wife by fire alleged to have been set out by defendant railroad company approaching their dwelling charged mere mental suffering disassociated from physical injury due to the fire, and therefore failed to state a cause of action, it could not be amended after limitations had run by inserting an allegation of a physical injury due to the fire.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

At Law. Action by J. M. Tiller against the St. Louis & San Francisco Railroad Company. On demurrer to plaintiff's amended petition. Sustained.

M. Fulton, for plaintiff.
R. A. Kleinschmidt, for defendant.

POLLOCK, District Judge. This action was instituted by plaintiff on the 9th day of April, 1906, in what was the then Third judicial district of the territory of Oklahoma, to recover damages alleged to have been sustained by him by reason of the defendant setting out a fire which spread to and burned on the premises of plaintiff. The original petition contains four causes of action, as follows: (1) A claim for damages for the death of plaintiff's infant child; (2) a claim for damages accruing to plaintiff's wife transferred to plaintiff; (3) damages for loss sustained by plaintiff in the destruction of his property; (4) damages accruing to plaintiff for injuries received by his wife which deprived him of her aid, assistance, and help.

All of the demands of plaintiff above stated, save the last, have been adjudicated.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The material facts charged in the original petition, in so far as the now remaining cause of action is concerned, are alleged in the following manner:

"Fourth. That, after the said fire was so started as aforesaid, the wind carried it forward in a southeast course, rapidly caused it to spread out and burn and consume high weeds, trash, and rubbish spread over the lands lying southeast of the point where such fire was started and burn up to, and surrounded plaintiff's house with such fire, and that the plaintiff's said children then at home being apprehensive for the safety of their mother, plaintiff's wife, and for the safety of their little brother, attempted with all the means and strength that they possessed to check and stop such fire from approaching plaintiff's house, all of which was done with the knowledge of plaintiff's wife, and by their such acts in so endeavoring to stop such fire greatly endangered the life of each of them, putting them all in jeopardy, by means of all of which the sudden and rapid approach of such fire and the strength and volume of the same, and the dangers incident thereto, to plaintiff's wife as well the danger incident to her said children, caused the plaintiff's wife to become greatly excited and terrified, and her nervous system greatly wrought up, and her mind greatly distracted through fear, terror, and excitement for her offspring from the surroundings aforesaid, and caused her to be in great fear. That this condition of the plaintiff's said wife was injurious and detrimental to said plaintiff's wife, and caused and did arrest the due and proper recovery of plaintiff's wife in her then sickness, and greatly retarded her recovery, and then and there caused her permanent and lasting injuries in weakening the female organs of her body."

On the admission of the territory of Oklahoma as a state by appropriate proceedings the cause was removed into this court. Thereafter the record discloses there was a trial before the court and a jury on this remaining cause of action in the month of March, 1909, resulting in a verdict in favor of plaintiff and against defendant, which was by the court set aside. The same cause of action was again tried before the court and a jury in the month of March, 1910. On this trial the court directed a verdict in favor of the defendant, which verdict was thereafter set aside. On May 17, 1910, the plaintiff filed an amended petition, the material charging portion of which, with the new matter therein alleged, underlined, is stated, as follows:

"*And that had it not been for the act of defendant in so setting out said fire over all that country about plaintiff's house which was burned over and where said children and mother were, and such fire approaching said house, on account of the velocity of the wind, with great force and violence accompanied with dense smoke and flames, filling the room where plaintiff's wife was then confined with smoke and heat, putting the said wife in danger of suffocation, and wherein and whereby she did then almost suffocate and began suffering great pain for want of fresh air, such condition being brought about by reason and on account of the dense smoke whereby she was compelled to raise up from the bed and did so raise up in her bed putting her face towards the window and door where she could breathe, and in such condition putting her in personal danger and injuring her, the plaintiff's wife would not have been made severely sick and would not have been hindered in her recovery from her childbirth sickness in the usual manner and usual time.*

"(5) That, after the said fire was so started as aforesaid, the wind carried it forward in a southeast course, caused it to be spread out rapidly and burn and consume high weeds, trash, and rubbish spread over the lands lying southeast of the point where such fire was started, and it did burn up to and surround plaintiff's house with such fire, and that the plaintiff's said children then at home being apprehensive for the safety of their mother, plaintiff's wife, and for the safety of their little brother, attempted with all the means and strength that they possessed to check and stop such fire from approaching

plaintiff's house, all of which was done with the knowledge of plaintiff's wife, and by their such acts in so endeavoring to stop the fire, greatly endangered the life of each of them, putting them all in jeopardy. That by means of all of which the sudden and rapid approach of such fire and the strength and volume of the same, and the dangers incident thereto, to plaintiff's wife, as well the danger incident to her said children, caused the plaintiff's wife to become greatly excited and terrified, and her nervous system greatly wrought up and her mind greatly distracted through fear, terror, and excitement for herself and her offspring from the surroundings aforesaid, and caused her to be in great fear. *That. by reason of the dense smoke entering the room where plaintiff's wife was confined, together with the heat accompanying the same, plaintiff's wife was compelled to protect her life and prevent being suffocated from smoke and heat, to raise up in her bed and get her face to the window and door for air,. thus producing great physical pain and suffering.* That the putting plaintiff's wife in this condition so brought on by defendant in setting such fire was injurious and detrimental to her, and caused and did arrest the due and proper recovery of plaintiff's wife in her then sickness, *caused her great pain* and greatly retarded her recovery, and then and there caused her permanent and lasting injuries in weakening the female organs of her body."

To this amended petition defendant has demurred. The theory of defendant in demurring is this: (1) That the original petition showed on its face no right to recover in plaintiff for the matters and things therein alleged against it; (2) that the new matter alleged in the amended petition substantially changes the claim or demand of plaintiff, does not relate back to the date of filing the original petition, and, as the amendment was made more than four years after the fire, the cause of action set forth therein is barred by the statute of limitations.

On the contrary, the plaintiff contends in opposition to the demurrer: (1) As defendant is a foreign corporation, it may not under the statutes of the state of Oklahoma plead the statute of limitations; (2) that the original petition stated a cause of action against the defendant; (3) that the new matter introduced by the amendment does not substantially change the cause of action, and hence it should be held to relate back to the date the action was commenced and is not barred by the statute, even though the defendant may be held entitled to plead it.

[1] The demurrer has been argued and submitted for decision on elaborate briefs of counsel for the respective parties. While it is conceded by defendant it is a corporation foreign to this state and was a corporation foreign to the territory of Oklahoma, when the action was commenced, yet it is contended under the statutes of the territory and this state providing for personal service on foreign corporations transacting business in the state, such as was the defendant when the action was commenced, the provisions of section 5553 Snyder's Compiled Statutes of Oklahoma, are not applicable to it and do not prevent it from pleading the bar of the statute. The latter act provides, as follows:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

The above statute was by the territory of Oklahoma adopted from the statutes of Kansas and on the admission of the territory of Oklahoma as a state was continued as the law of this state. The Supreme Court of the state of Kansas after its adoption by the territory of Oklahoma in the case of Williams v. Railway Co., 68 Kan. 17, 74 Pac. 600, 64 L. R. A. 794, 104 Am. St. Rep. 377, held by force of this statute a foreign corporation could not avail itself of the plea of the statute. However, from a reading and consideration of that case I am constrained to the opinion it is not only opposed to the great weight of authority in this country, but also to the very reason of the matter itself. Many of the cases therein cited and relied upon involved the question of the citizenship of the parties to the controversy and not the question of the presence of the defendant in or its absence from the state. While it is undoubtedly true the defendant in this case is not a citizen of this state, and was not a citizen of the territory of Oklahoma at the time the action was brought, for, if so, it could not have removed the case into this court as it has done, yet a corporation organized under the laws of a foreign state may by permission transact business in this state and for the purpose of transacting such business be personally present in the state through the establishment of offices, agencies, and the like places of doing business, occupied by its officers, agents, and employés on whom, at any time, by force of other provisions of the statute law, valid, personal service, binding the corporation itself to respond in damages to any personal judgment pronounced by the court, may be had. Hence during such time the foreign corporation will be held personally present in the state for the purpose of service of process and the above-quoted statute not applicable. Such is the conclusion of an almost unbroken line of decisions. Huss v. Central R., etc., Co., 66 Ala. 472; Lawrence v. Ballou, 50 Cal. 258; Hubbard v. U. S. Mortg. Co., 14 Ill. App. 40; Pennsylvania Co. v. Sloan, 1 Ill. App. 364; Wall v. Chicago, etc., R. Co., 69 Iowa, 498, 29 N. W. 427; Winney v. Sandwich Mfg. Co., 86 Iowa, 608, 53 N. W. 421, 18 L. R. A. 524; St. Paul v. Chicago, etc., R. Co., 45 Minn. 387, 48 N. W. 17; Louisville, etc., R. Co. v. Pool, 72 Miss. 487, 16 South. 753; Sidway v. Missouri Land, etc., Co., 187 Mo. 649, 86 S. W. 150; King v. National Min., etc., Co., 4 Mont. 1, 1 Pac. 727; Colonial, etc., Mortg. Co. v. Northwest Thresher Co. (1905) 14 N. D. 147, 103 N. W. 915, 70 L. R. A. 814, 116 Am. St. Rep. 642; Burns v. White Swan Min. Co., 35 Or. 305, 57 Pac. 637; Turcott v. Yazoo, etc., R. Co., 101 Tenn. 102, 45 S. W. 1067, 70 Am. St. Rep. 661, 40 L. R. A. 768; Thompson v. Texas Land, etc., Co. (Tex. Civ. App. 1893) 24 S. W. 856; Connecticut Mut. L. Ins. Co. v. Duerson, 28 Grat. (Va.) 630.

This precise question was ruled by the Circuit Court of Northern District of Iowa in the case of McCabe v. Illinois Cent. R. R. Co., 13 Fed. 827, wherein it is said:

"A foreign corporation that by the laws of a state within which it comes on business can sue and be sued is not a nonresident in the sense that would prevent it from setting up the statute of limitations as a defense in an action against it; and section 2533 of the Code of Iowa, that provides that 'the time during which a defendant is a nonresident of the state shall not be in-

cluded in computing the period of limitation,' has no reference to such a. case."

The same question was before the Circuit Court of Appeals for the Fourth Circuit in construing section 162 of the Code of North Carolina of 1883 in Southern Railway Co. v. Mayes, 113 Fed. 84, 51 C. C. A. 70, and Judge Jackson, D. J., delivering the opinion, said:

"Code N. C. § 162, provides that, where a person is out of the state when an action accrues against him, it may be commenced within the time prescribed after his return. and if after such accrual he departs from and resides outside of the state, or remains continuously absent therefrom, for one year. the time of his absence shall not be computed. Held, that where a foreign railroad corporation was operating its road and doing business in North Carolina at the time of plaintiff's injury, and continued to do so during the entire period limited for commencing suit therefor, an action commenced thereafter was barred; the statute recited not being applicable to such case."

The case of Williams v. Railway Co. will be found annotated in 1 Am. & Eng. Ann. Cas. p. 9, and there commented on as follows:

"The doctrine announced in the reported case, to the effect that a foreign corporation is 'out of the state' within the meaning of the statute of limitations. and so cannot plead such statute in defense of an action brought against it, is the minority doctrine in this country. Besides Kansas, the only states wherein it is upheld are New York, Nevada, and Wisconsin."

The result of a contrary holding would be to permit a personal action to be brought against a foreign corporation transacting business in this state long years after the cause of action arose when witnesses are dead, departed, or cannot be found, and this notwithstanding the fact that at any time since the cause of action accrued it might have been brought, and valid, binding personal service have been obtained on the defendant within the state. In my opinion, such construction of the statute is contrary to the doctrine that it is a statute of repose and should not be adopted unless such intent is clearly expressed in the statute. Therefore, in my judgment, the defendant may plead the bar of the statute if applicable to the facts of this case.

Is the cause of action presented by the amended petition barred by the statute? The answer to this question involves the consideration of two propositions: (1) Did the original petition state any cause of action in favor of the husband plaintiff and against the defendant? If so, it is manifest it may by way of amendment, at any time, be bettered by a more concise, accurate, or detailed statement of the facts which constitute such cause of action. (2) If it did not state a cause of action, may it by amendment be made to state a cause of action, and will such cause of action, thus brought on the record by amendment, relate back to the date of the institution of the action and thus escape the bar of the statute now interposed by defendant?

[2] In regard to the first proposition, it will become quite clear, from a reading of the charging part of the original petition above set forth, the plaintiff therein did not rely in support of his cause of action on the fact that the fire set out by defendant caused any direct physical personal injury or violence to his wife; but, on the contrary, he placed his entire reliance on the fact that the near approach of a

violent fire, driven as it was by a strong wind, placed his wife in mental anguish and terror for the safety of herself in her enfeebled condition, her infant child, and her small children engaged in trying to arrest its progress to prevent herself and child from being physically injured thereby.

On this state of facts plaintiff contends a cause of action is presented by the original petition, and more especially in view of the peculiar language of the act under which the action was brought. The defendant insists to the contrary. The statute under which the act was brought reads as follows:

"Any railroad company operating any line in this territory shall be liable for all damages sustained by fire originating from operating their road." Wilson's St. p. 754, § 8 (section 3068).

In view of the language employed in this act, plaintiff contends the term "all damages" includes the right of plaintiff to demand and recover from defendant compensation for any and all injuries received by his wife which damaged him in consequence of his loss of her aid, comfort, and society, regardless of the fact as to whether or not the injuries so received by her were of such nature as in the absence of the statute would constitute actionable or recoverable damages at law. However, the word "damages" has a well-defined meaning. In Bouvier's Law Dict., Rawle's Revision, vol. 1, p. 491, the word "damages" is defined as follows:

"The indemnity recoverable by a person who has sustained an injury either in his person, property or relative rights through the act or default of another."

When this term was employed by the lawmaking power in the enactment of the above statute, it will be presumed to have been used to express such legal meaning, unless the contrary is clearly made to appear by its context. Hence the word "damages" employed in this act must be construed as applicable to such cases of invasion by one of the rights of another to their injury as will be compensated by the law, and not to those acts denominated in the law "damnum absque injuria."

The question remains: Did the original petition charge the defendant, by the act of setting out the fire with such resultant injuries to his wife as the law will recognize and compensate in what it denominates by the word "damages"? In other words, will the law, in cases of this character, recognize as actionable such acts of invasion of the rights of another as produce mere mental suffering and anguish when entirely disassociated from any and all acts of physical personal injury or violence. While there may be adjudicated cases to the contrary, it is quite certain the very great preponderance of authority denies relief in such case. Compensation is made by the law of mental anguish, suffering, terror, and other states of the mind in cases of this character only when associated with and as incident to physical injuries and sufferings. In the case of Kyle v. Chicago, R. I. & P. Ry. Co., 182 Fed. 613, 105 C. C. A. 151, the Circuit Court of Appeals for this circuit held:

"It is a settled rule of the federal courts that mental anguish alone, not arising from some physical injury or pecuniary loss caused by the negligence or other wrongful act of another, is not a basis for an action for damages in the absence of a statute authorizing such recovery."

In Rowan v. Western Union Tel. Co. (C. C.) 149 Fed. 550, it is said:

"Damages for mental suffering are ordinarily allowed only (1) where there has been bodily injury causing physical pain and the mental suffering cannot be distinguished from the physical, in which case it may be considered with the physical pain in determining the amount of the recovery; (2) where there has been any malicious intention or willful invasion of the legal rights of another, though it may be without physical contact, the natural result of which is mental suffering, in which case damages may be allowed to the injured person, not alone as compensation for the injured feelings, but by way of punishment of the wrongdoer."

Mr. Thompson, in his work on Damages (volume 6, § 623), says:

"But for mere fright unaccompanied with physical injury there is a great unanimity of holding that there can be no recovery although such fright resulted finally in bodily ailment."

See, also, Huston v. Freemansburg, 212 Pa. 548, 61 Atl. 1022, 3 L. R. A. (N. S.) 49; Ewing v. Railroad Co., 147 Pa. 40, 23 Atl. 340, 14 L. R. A. 666, 30 Am. St. Rep. 709; Morse v. Chesapeake & O. R. Co., 117 Ky. 11, 77 S. W. 361.

[3] Hence, to my mind, it must be held the original petition in this case did not state a cause of action against defendant. As the original petition did not, and the amended petition does, state a cause of action against the defendant, it remains to consider whether the action now stated is barred by the statute.

As the fire occurred in the month of February 1906, more than four years prior to the filing of the amended petition in this case, it will be conceded (if, as held, defendant may plead the bar of the statute) the cause of action now stated would have been barred had it been the original commencement of the action. Does the fact that the amended petition which was filed, not as an original action, but as an amendment to a pending cause of action, wherein the petition stated no facts authorizing a recovery of the damages therein prayed, save the pending action from the bar of the statute?

The statute of this state relating to amendments provides:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment." Section 5679, Revised Stat. Okl. 1909.

This statute was considered by the Supreme Court of this state in the case of Limerick v. Lee, 17 Okl. 165, 87 Pac. 859, where it is said:

"In an action for material furnished and services rendered for the recovery of the contract price, it is proper to permit plaintiff to amend his petition, stating no new facts constituting a new cause of action, but seeking to re-

cover the value of the material actually furnished and work performed upon a quantum meruit."

This act is identical with that of Kansas. The Supreme Court of that state has repeatedly held the pendency of an action wherein the petition stated no cause of action does not permit of an amendment after the bar of the statute had fallen, which for the first time propounds a cause of action. Atchison, T. & S. F. R. Co. v. Schroeder, 56 Kan. 731, 44 Pac. 1093; Missouri, K. & T. Ry. Co. v. Bagley, 65 Kan. 188, 69 Pac. 189, 3 L. R. A. (N. S.) 259; Elrod v. St. L. & S. F. R. R. Co., 84 Kan. 444, 113 Pac. 1046.

In Union Pacific Railway Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, a case in which the original petition declared on common-law grounds of negligence as the basis for recovery, and was subsequently amended after the bar of the statute had fallen, basing the right of recovery on a statute of Kansas, Mr. Chief Justice White, delivering the opinion of the court, declared the general rule as follows:

"The general rule is that an amendment relates back to the time of the filing of the original petition, so that the running of the statute of limitations against the amendment is arrested thereby. But this rule, from its very reason, applies only to an amendment which does not create a new cause of action. The principle is that, as the running of the statute is interrupted, by the suit and summons, so far as the cause of action then propounded is concerned, it interrupts as to all matters subsequently alleged, by way of amendment, which are part thereof. But where the cause of action relied upon in an amendment is different from that originally asserted, the reason for the rule ceases to exist, and hence the rule itself no longer applies."

This case was cited with approval in Atlantic & Pacific Railroad v. Laird, 164 U. S. 396, 17 Sup. Ct. 120, 41 L. Ed. 485, and has been many times referred to with approval. To like effect are the cases of Nelson v. First National Bank, 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52; Gorman v. Judge of Newaygo Circuit 27 Mich. 138; Grier v. Northern Assurance Co., 183 Pa. 334, 39 Atl. 10; Musselman Grocer Co. v. Casler, 138 Mich. 24, 100 N. W. 997; Van de Haar v. Van Domseler, 56 Iowa 671, 10 N. W. 227; Eylenfeldt v. Illinois Steel Co., 165 Ill. 185, 46 N. E. 266; Field v. French, 80 Ill. App. 78.

Plaintiff contends the case of McDonald v. State of Nebraska, 101 Fed. 171, 41 C. C. A. 278, is decisive of the question presented. However, it was held in that case the substitution of the state of Nebraska as plaintiff in place of the Treasurer of the State, which many statutes in terms permit, did not change substantially the cause of action, as follows:

"The cause of action was not changed in the slightest degree by substituting the state of Nebraska as plaintiff in place of the Treasurer of State. The cause of action declared on was the same in the original and amended petitions. The petition of the Treasurer of State sought to recover of the bank and its receiver, for the state, the money of the state which had been deposited in the bank, and which the bank had never returned to the state. When the name of the state was substituted for that of her treasurer, precisely the same cause of action was counted on, and the same relief asked. The amendment merely substituted the name of the state, who was the real party in interest, for that of her fiscal agent. In the receipt and disbursement of the

public funds the state can only act by and through her officers and agents. The money, if any, recovered in this action, must be received and receipted for and deposited in the state treasury by the proper fiscal agent of the state, who is undoubtedly the State Treasurer; and the receipt of the Treasurer of State to the bank or its receiver for the money sued for in this action would be a good quietus for the same."

In the light of the foregoing authorities, it must be held the new matter introduced in this case substantially changes the cause of action declared upon by plaintiff in his original petition. That the original petition stated no cause of action against the defendant, and as the amendment in this case was made after the bar of the statute had fallen, the demurrer interposed must be sustained. It is so ordered.