BALTIMORE & O. R. CO. v. REED.

(Circuit Court of Appeals, Sixth Circuit. June 17, 1915.)

No. 2515.

1. LIMITATION OF ACTIONS ⬉169—ACTIONS FOR INJURIES TO PASSENGERS—APPLICABILITY OF STATUTE—"CAUSE OF ACTION."

Where a Maryland railroad company, operating a railroad from Chicago to New York, sold in Chicago a ticket for carriage from Chicago to New York, and the passenger boarded the train at Chicago, and was injured by derailment of the train in Indiana, the law of Indiana governing limitation of actions was applicable to an action by the passenger, brought in a state court in Ohio and transferred to the federal court, for a cause of action within Rev. St. Ohio 1890, § 4990, declaring that, where by the laws of the state where the cause of action arose the action is barred, it is also barred in Ohio, comes into being only when a right possessed by one has been infringed by another.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 655; Dec. Dig. ⬉169.

For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

2. LIMITATION OF ACTIONS ⬉31—ACTIONS FOR INJURIES TO PERSON.

Burns' Ann. St. Ind. 1894, § 294, fixing two-year limitation for actions for injuries to person or character, covers causes of action involving injuries to the person, whether arising on contract or in tort, and includes an action for injuries to a passenger, whether recovery is sought on contract or in tort.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 142; Dec. Dig. ⬉31.]

3. EVIDENCE ⬉29—JUDICIAL NOTICE—LAWS OF STATES.

The United States Circuit Court of Appeals takes judicial notice of the laws of a state.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 36, 37, 39, 43–46, 48; Dec. Dig. ⬉29.]

4. EVIDENCE ⬉5—JUDICIAL NOTICE—FACTS OF COMMON KNOWLEDGE.

The United States Circuit Court of Appeals takes judicial notice of the character and importance of the Baltimore & Ohio Railroad Company, and of the fact that it is a common carrier, and will presume that it does business in Indiana.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. ⬉5.]

5. CARRIERS ⬉312—INJURIES TO PASSENGERS—RIGHT OF ACTION—JURISDICTION.

Under Burns' Ann. St. Ind. 1894, §§ 312, 315, 318, authorizing an action against a railroad company for injury to a person on its railroad, may be brought in any county into which the railroad passes, and summons served in any county, and providing that actions may be brought against a foreign corporation in any county within the state where any property, money, credits, or effects belonging to it may be found, and providing for the service of summons in actions against a foreign corporation, a passenger of a Maryland corporation, sustaining an injury by the derailment of the train of the corporation in Indiana, while running between Chicago and New York, may sue the corporation in Indiana.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. ⬉312.]

6. LIMITATION OF ACTIONS ⬤⟿88—STATUTORY PROVISIONS—NONRESIDENCE.

A Maryland corporation, operating a road between Chicago and New York, through Indiana, and doing business in Indiana, is not a nonresident of Indiana, within Burns' Ann. St. 1894, § 298, providing that the period of absence shall not be computed in any of the periods of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 463; Dec. Dig. ⬤⟿88.]

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Action by Lillie W. Reed against the Baltimore & Ohio Railroad Company. There was a judgment for plaintiff, and defendant brings error. Reversed, and new trial awarded.

Judson Harmon, of Cincinnati, Ohio, for plaintiff in error.
C. W. Baker, of Cincinnati, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and KILLITS, District Judge.

KILLITS, District Judge. August 6, 1901, at the office of the plaintiff in error in Chicago, the husband of the defendant in error purchased tickets for himself, wife, and daughter over the railroad of plaintiff in error from Chicago to New York. Immediately thereafter the family boarded the train in Chicago, and on the afternoon of the same day, within the confines of the state of Indiana, the train was derailed, and defendant in error as a consequence received personal injuries.

The amended petition averred the railroad company to be a corporation organized in and having its main offices in the state of Maryland, and operating a line of railroad from Chicago, through the states of Illinois, Indiana, Ohio, West Virginia, and Maryland, to Baltimore, and thence to New York. June 8, 1905, an action was brought by defendant in error in the superior court of Cincinnati to recover her damages by reason of the injury in question. The case subsequently was removed to the Circuit Court of the United States for the Southern District of Ohio.

To the amended petition the defendant below set up three defenses; the second, the only one of consequence for the purposes of this decision, being a plea of the statute of limitations in Indiana. The reply denied application of the Indiana statute to the cause of action set out in plaintiff's petition. Trial being had, defendant in error recovered a judgment. On the overruling of the motions of defendant below for judgment non obstante veredicto and in arrest of judgment and for a new trial, error was prosecuted.

At the time of the commencement of the action, section 4990, Revised Statutes of Ohio (now, with some amendments, section 11234, General Code), read:

"If, by the laws of the state or country where the cause of action arose, the action is barred, it is also barred in this state."

At the same time, and also when the accident occurred, section 294,[1] Burns' Annotated Statutes of Indiana read as follows:

"The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward: First, For injuries to person or character, and for a forfeiture or penalty given by statute, within two years. * * * "

[1] In our judgment, the proper action of this court turns upon a consideration of the effect of this statute of limitations; wherefore it will be unnecessary to pass upon other assignments of error.

We encounter little difficulty in determining that the law of Indiana respecting limitations of actions controls this case, whether we consider the present case one ex contractu or ex delicto. The fact that the contract of transportation, if defendant in error may be said to have made one, was entered upon in Illinois, does not affect the situation, although counsel for defendant in error argues earnestly for the applicability of the law of Illinois. In our judgment, the cause of action, as that term is used in the Ohio statute quoted above, arose and accrued in Indiana. We offer no original definition for the term in suggesting that a cause of action comes into being only when a right enjoyed by one has been infringed by another, and not at the time when merely a right was secured to require performance of a duty from the obligor to the obligee. In the case at bar, assuming that Mrs. Reed enjoyed contractual relations with the railroad company, the obligation of the company to her was transitory through the several states over which her ticket read. No cause of action could arise until the obligation was dishonored, for essential to it was the concurrence of the obligation and a breach thereof which resulted in the obligee's damage. This is undoubtedly the sense in which the term is used in the Ohio statute. Clark v. Eddy, 10 Ohio Dec. 539, 544; Railroad Company v. Larwill, 83 Ohio St. 108, 115, 93 N. E. 619, 34 L. R. A. (N. S.) 1195. The elements of a judicial action, according to Pomeroy's Remedies, § 453, are:

"A primary right possessed by the plaintiff and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the codes of the several states. They are the legal cause or foundation whence the right of action springs. * * * The cause of action, as it appears in the complaint, when properly pleaded, will therefore always be the foundation from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong."

See, also, Veeder v. Baker, 83 N. Y. 156, 160; Post v. Campau, 42 Mich. 90, 3 N. W. 272; Bradford v. Southern Railway Company, 195 U. S. 243, 248, 25 Sup. Ct. 55, 49 L. Ed. 178.

[1] Section numbers, Burns' Statutes, wherever used in this opinion, are those used in the Revision of 1894, in force in 1901.

In the Bradford Case the court states that a cause of action comprises every fact a plaintiff is obliged to prove in order to obtain judgment, or, conversely, every fact the defendant would have the right to traverse. It follows from these definitions, of course, that a cause of action can arise or accrue only at the place where the facts transpire which ripen it.

The decision in the case of Doughty v. Funk, 15 Okl. 643, 84 Pac. 484, 4 L. R. A. (N. S.) 1029, upon which counsel for defendant in error so strongly relies as to this particular question, turns very largely upon the peculiarities of the Oklahoma practice, as the opinion itself shows, and otherwise is out of harmony with the current of opinion elsewhere, as may be seen by an examination of the annotations thereto in 4 L. R. A. (N. S.). Besides, as observed by counsel for plaintiff in error, there is a manifest distinction between causes of action on absolute obligations and those which arise because of the happening of a mere contingency affecting a contractual duty.

[2] Touching the claim that a bar by limitation existed when this action was brought, defendant in error insists: First, that the Indiana statute quoted above refers to injuries to the person not arising because of a breach of a contractual relation, and that, this being an action on a contract of carriage, section 293, Burns' Statutes, applies, making a six-year limitation "on accounts and contracts not in writing." Secondly, it is urged that, the plaintiff in error being a foreign corporation, the operation of the statutes of limitation of Indiana is suspended, section 298 providing that:

"The time during which the defendant is a nonresident of the state or absent on public business shall not be computed in any of the periods of limitation."

Respecting the first proposition, we are concerned only with the interpretation to be made of section 294, providing for a two-year limitation in actions brought "for injuries to person or character." If that law covers all causes of action involving injuries to the person, whether arising on contract or in tort, we need not go into an analysis whether the action sounds in contract or in tort, upon which Indiana authorities differ. De Hart v. Haun, 126 Ind. 378, 26 N. E. 61; Lane v. Boicourt, 128 Ind. 420, 27 N. E. 1111, 25 Am. St. Rep. 442. The defendant in error, as well as the court below, relied very largely upon the cases of Staley v. Jameson, 46 Ind. 159, 15 Am. Rep. 285, and Kansas Pacific Railway Company v. Kunkel, 17 Kan. 145.

Staley v. Jameson was a suit against physicians and surgeons, in which it was alleged that for a special consideration they undertook to attend and care for the plaintiff in the setting and healing of a fracture, and that they so negligently and unskillfully conducted themselves in performing their contractual duty in that respect as to impair and destroy the efficiency of plaintiff's arm, wherefore they were sued for damages. The case specifically raises the question involved here. The second paragraph of the answer pleaded that the cause of action set forth in the complaint did not accrue within two years next before the commencement of suit. A demurrer to this second paragraph was overruled by the trial judge, whereupon judgment was entered against

the plaintiff. The Supreme Court of Indiana say (46 Ind. 160 [15 Am. Rep. 285]):

"The appellees insist that the action is for a personal injury to the appellant, resulting from the alleged unskillfulness and negligence of the appellees. The opinion of the court below in general term is copied into the transcript. From that we' learn that its ruling was based upon the theory that the gravamen of the action was the personal injuries resulting to the appellant from the omission of the appellees to exercise the care and use the skill in the discharge of their undertaking to care for his broken arm, which the law required of them upon the facts of the case, and not on a contract to properly treat the arm as surgeons. * * *"

Also (46 Ind. 165 [15 Am. Rep. 285]):

"We think the action was upon the contract. That a breach of the contract should result in impairing and destroying the efficiency of the appellant's arm does not show that the gravamen of the action is an injury to his person within the meaning of section 211, 2 G. & H. 158" (section 294, Burns' Statutes 1901).

The court below was reversed for error in overruling the demurrer to the second paragraph of the answer. This case was followed under similar circumstances and to the same result by the court in Burns, Executor, v. Barenfield et al., 84 Ind. 43.

It appears from the opinion of the court below in the instant case that it had the advantage of no other decisions on this subject in Indiana than these. However, subsequent holdings by that court very materially narrow their scope and destroy them as authority here. In Boor v. Lowrey, 103 Ind. 468, 3 N. E. 151, 53 Am. Rep. 519, being again an action wherein the plaintiff sued physicians for negligent and unskillful treatment of a fracture, it was held that an action for damages to the person caused by malpractice of a physician does not survive his death, no matter whether it be brought on contract or in tort. The particular statute involved (section 283, Burns) provided that "a cause of action arising out of an injury to the person dies with the person of either party," etc. The court recognized that Staley v. Jameson and Burns v. Barenfield, supra, were necessary to be considered, wherefore they were distinguished and limited in this language:

"These were cases against surgeons for malpractice, and both turned upon the statute which requires actions for injuries to the person to be commenced within two years. In each it was held that the action was in form ex contractu, and that the statute limiting the time for the commencement of actions for injury to the person did not apply. What the paricular damages were which were claimed as the subject of the actions, respectively, does not clearly appear from the statement of the complaint in either case. It must be assumed, however, that the actions were for the recovery of special damages, which had relation to property. They were not, therefore, actions to recover for injuries to the person. If they were, the conclusions reached could not be maintained. This assumption would seem to be justified by an examination of the authorities upon which the decisions are made to rest. Those which support the conclusion reached are cases involving injury to personal property. Dale v. Hall, 1 Wils. 281; Burnett v. Lynch, 5 Barn. & C. 589. It may be that actions ex contractu are maintainable for the recovery of special damages resulting from a breach of duty founded on contract, even though injury to the person results. The action thus maintainable, however, is not and cannot be predicated upon the personal injury, nor to recover damages resulting from injuries to the person. The action must involve injury

to the estate, and not to the person. Where the primary cause of action is an injury to the person, and the damages sought to be recovered relate primarily to such personal injury, the statute which provides that actions to recover damages for injuries to the person die with the person of either party cannot be abrogated by the mere form in which the action is brought."

A review of this case was had under the title of Hess v. Lowrey, 122 Ind. 226, 23 N. E. 156, 7 L. R. A. 90, 17 Am. St. Rep. 355, in which the position formerly taken was adhered to. A still later case on this subject, and one which, we understand, states the present judicial construction in Indiana, is that of Feary v. Hamilton, 140 Ind. 45, 39 N. E. 516. This was also an action involving the interpretation of section 283 (formerly section 282), Burns, providing that a cause of action arising out of an injury to the person dies with the person of either party. There the holding is that, no matter whether the suit sounds in contract or in tort, the statute applies and the action abates. The court says:

"It is settled law that actions arising out of contracts, express or implied, will not survive, where the damages sustained by such breach are for injuries to the person, as mental anguish, pain of body, or injury to character. * * * It is true, as a general proposition, that actions in form ex contractu survive; but this is due rather to the substance of the action than its form."

The force of these decisions compels us to believe that, if the precise question involved in Staley v. Jameson were again before the Indiana court, it would be held that, unless the action counted primarily upon the damage to personal estate resulting from the accident, the two-year limitation in section 294, Burns, would apply, for we are clear that the phraseology of the section under consideration in Staley v. Jameson and Burns v. Barenfield, as well as here, requires the same construction as that placed by the three cases just considered upon the language of section 283, Burns' Statutes.

This interpretation not only seems to us to be highly reasonable, for there is a manifest objection to the consideration that by merely changing the form of the action the injured person may extend the time for its commencement when we have regard to the purpose of fixing a short term of limitation for actions arising for personal injuries— that the infirmities of testimony weakened by lapse of time may be as far as possible avoided (Hanna v. Jeffersonville Railroad Co., 32 Ind. 113, 114)—but it is in harmony with the course of statutory construction in other jurisdictions. In Webber v. Herkimer & M. St. R. Co., 109 N. Y. 311, 16 N. E. 358, under a statute providing that actions for personal injury resulting from negligence shall be brought within three years, it was held that injuries received by a passenger occurring because of the negligence of the conductor constitute an action in tort, and not upon the contract of carriage, and must therefore be brought within three years. To the same effect is Maxson v. Delaware, L. & W. R. Co., 112 N. Y. 559, 20 N. E. 544, where there were under consideration two statutes, one providing a limit of six years for "an action to recover damages for * * * a personal injury, except in a case where a different period is expressly prescribed in this chapter," and the other prescribing a limit of three years for "an action to recover for personal injuries resulting from negligence." Here it was

held, under circumstances almost precisely like those in the case at bar, that the action was within the three-year limitation. Griffin v. Woodhead, 30 R. I. 204, 74 Atl. 417, was an action for malpractice by a physician. The case turned on the interpretation of sections 248, 249 and 250, Statutes of Rhode Island (Court and Practice Act 1905), which read:

"Sec. 248. Actions for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after.

"Sec. 249. Actions of trespass, except for injuries to the person, shall be commenced and sued within four years next after the cause of action shall accrue and not after.

"Sec. 250. * * * All actions of debt founded upon any contract without specialty * * * shall be commenced and sued within six years next after the cause of action shall accrue, and not after."

The plaintiff claimed that her declaration sounded in contract and hence was favored by the six-year limitation; the action having been brought more than two years after the treatment. The court held that it was within the shorter limitation, and consequently barred.

Nor is the conclusion we reach necessarily in conflict with the case of Kansas Pacific Railway Co. v. Kunkel, 17 Kan. 145, upon which counsel for defendant in error relies. The case was for injuries received while the plaintiff was a passenger. The holding of the court was that the action was one ex contractu and was governed, therefore, by the limitations placed by the Kansas law upon actions on contract. This decision loses importance in this case when we refer to the Kansas statutes of limitation then in force. Section 18 of the act of 1868 (Gen. St. 1868, c. 80). Section 4095, Code of Civil Procedure, in force at the time of the decision of the Kunkel Case, provided:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * 2. Within three years: An action upon a contract, not in writing, express or implied. * * * 3. Within two years: * * * An action * * * to the rights of another, not arising on contract, and not hereinafter enumerated."

The action was brought within three years, and more than two years after the injury. The significant difference in language between the Indiana and Kansas statutes of limitation deprives this decision of Judge Brewer of much of the force which counsel for defendant in error seeks to give it, and leaves it with little application to this case, except that it decides the action to sound in contract; but we have seen, by a consideration of Feary v. Hamilton, supra, that in Indiana it makes no difference whether the action be held to sound in contract or in tort, if it is brought primarily to recover for injuries to the person and injury to property is merely an incident. The allegations of the complaint in Feary v. Hamilton are fully as favorable to the theory that the action was to some extent for injuries to property as those contained in the instant case, and it is there held that the plaintiff's allegations of "loss of time and inability to attend to and manage her store, and the expense incurred for the services of a physician, were all caused by the personal injury alleged, and would not have been sustained but for such personal injury," and hence it was held that the

primary cause of action was for personal injuries to the person. In this connection the cases of Blackwell v. Railroad, 124 Tenn. 516, 137 S. W. 486, and Sharkey v. Skilton, 83 Conn. 503, 77 Atl. 950, may be referred to for the perhaps unnecessary reasoning that the word "for" in the Indiana statute under consideration in the expression "for injuries to person" means "on account of or because of."

It will be observed, in considering section 293, Burns, providing for a six-year limitation of actions under certain circumstances, that the causes of action within its favor are carefully classified to be, among others, "for injuries to property," and "for relief against frauds," as well as actions "on contracts not in writing." It is therefore clear that many actions for torts come under the favor of this statute, and that the origin of the action, whether in contract or in tort, cannot be the criterion which determines whether the six-year or the two-year limitation should be applied. Here, again, is a difference between the Indiana law and that of Kansas, in that the former does not, as the latter does, make the distinction depend upon whether the action does or does not arise upon contract.

Defendant in error has also an apparent authority in Patterson v. Augusta Railroad Co., 94 Ga. 140, 21 S. E. 283, followed and approved in Rushin v. Railroad Co., 128 Ga. 726, 58 S. E. 357, where it is held that:

"A passenger injured while on the cars in the progress of his journey by the negligence of the carrier has two remedies, one an action for the breach of contract, and the other an action on the case for the wrong, and he may elect which remedy he will pursue."

This was held, and the action upheld, although section 3060, Georgia Code of 1882, provided that "actions for injuries done to the person shall be brought within two years," and the declaration in the case, sounding in contract, was filed more than two years after the cause of action accrued. We are unable to judge how far the court of Georgia may have been controlled in its interpretation of its own statutes by the arrangement of the Georgia Code, but it may be that the fact was influential that the section just cited is found under chapter IV, "Of Defenses," as part of title VIII, "Of Torts," while the statute making the longer limitation and held applicable to the circumstances of that case, section 2923, was found under chapter IX, "Limitations of Actions on Contracts," as part of title VII, "Of Contracts," and included "all other actions upon contract." At any rate, we can give no force to this Georgia decision in this case, because of the holding in Feary v. Hamilton, supra, whose interpretation of the Indiana law must control here.

[3-5] We come now to the last argument of defendant in error, which is thus stated in the opinion of the court below:

"The plaintiff claims that in any event the statute of limitations is not available to the defendant as a defense, because of the failure of the defendant to show that it could have been sued in Indiana. The argument is that, the defendant being a citizen of Maryland, the court will not take judicial notice that the defendant did local business in Indiana and complied with statutory provisions in that state requiring nonresident corporations to designate some method of service of summons upon them in that state. Plain-

tiff's counsel cite Judge Munger's decision in Taylor v. Railroad Co. (C. C.) 123 Fed. 155. That case is directly in point. A consideration of that case, and the authorities cited in it, and the cases to which those authorities refer, lead one to agree with Judge Munger."

But we cannot follow Taylor v. Railroad Company. It is not in harmony with McCabe v. Illinois Central Railroad (C. C.) 13 Fed. 827, Southern Railway Co. v. Mayes, 113 Fed. 84, 51 C. C. A. 70, and Tiller v. St. Louis & Santa Fé Railroad Co. (C. C.) 189 Fed. 994. Besides, we take judicial notice, without pleading or proof, of the laws of Indiana. Lamar v. Micou, 114 U. S. 218, 223, 5 Sup. Ct. 857, 29 L. Ed. 94. Section 312, Burns, provides that an action against a railroad for an injury to person or property upon the railroad may be brought in any county through or into which such railroad passes and the summons may be served in any county in the state. Section 315 provides that actions may be brought against a foreign corporation in any county within the state where any property, moneys, credits, or effects belonging to the corporation may be found. Section 318 provides that if none of the specified officers of a foreign corporation may be found within the state, then service may be had upon any person authorized to transact business in the name of the corporation. Service upon a local freight agent would be good. Railway v. Owen, 43 Ind. 405. The amended petition alleges that the road of the defendant below runs through Indiana and many other states, wherefore it is obvious that it had property within the state. We may take judicial notice of the character and importance of this railroad and that it was at that time a common carrier. Railroad Company v. State, 72 Tex. 404, 10 S. W. 81, 1 L. R. A. 849, 13 Am. St. Rep. 815; Bank v. Fitzgerald, 168 Ill. App. 240. We may, therefore, presume that it did business in Indiana, and, consequently, that there was some one within the state authorized to transact business for it. "A presumption is an inference as to the existence of a fact not actually known arising from its usual connection with another which is known." Insurance Company v. Weide, 78 U. S. (11 Wall.) 438, 441, 20 L. Ed. 197.

[6] The conclusion is inevitable that it was competent at all times for the plaintiff below to have sued the company in Indiana, and that, on the authority of McCabe v. Illinois Central Railroad Co., Southern Railway Company v. Mayes, and Tiller v. St. Louis & Santa Fé Railroad Co., supra, the defendant below was not a nonresident, as that term is used in section 298, Burns, providing that the period of absence "shall not be computed in any of the periods of limitation."

The judgment below must be reversed, and a new trial awarded.